Brady, J.
This action was commenced for the purpose of recovering damages resulting from a loss of services through injuries received by Harry N. Baird, the plaintiff’s son, while in the employment of the defendants’ decedents, who were copartners carrying on the business of printing under the firm name of Richardson & Poos, both of whom died subsequent to the injury. The claim was rejected by the administratrix and referred under the statute.
Upon the close of the plaintiff’s testimony, the defendant’s counsel moved for a dismissal of the complaint, on the grounds that no negligence had been shown on the part of the decedents; that there was contributory negligence on the part of the injured person, and that the cause of action did not survive. The motion was granted and *649 the complaint dismissed. The learned referee held not only that the action did not survive, but that upon the merits the plaintiff was not entitled to succeed, inasmuch as the claim was not supported by any evidence of neglect by the decedents or omission by them, or either of them, or any of their employees.
On application to confirm the report at special term, the learned justice there presiding held the referee to have been in error in proclaiming that the action did not survive, but right in Ms determination that the plaintiff was not entitled to succeed upon the merits.
We entertain no doubt that the cause of action survived, but do not design to discuss that question, leaving it upon the opinion rendered at special term, inasmuch as the conclusion at wMch we have arrived in considering the merits renders it unnecessary to do so.
The plaintiff’s son, who was employed by the decedents, was, at the time the accident occurred, between twelve and thirteen years of age. He had been employed for some time in the decedent’s printing establishment, and according to the evidence, his own included, had been instructed in various tMngs, among others in the manner of feeding different printing presses, varying in size, but all having the same action. He knew, therefore, from actual experience, the working of these machines, having fed them in the course of his employment, and, therefore, he must be supposed to have had knowledge of any danger attending the performance of that labor. When injured he was feeding the largest press. He had on former occasions fed the same or a similar machine, but Ms labor had been superintended or overlooked by another person under whose orders he was acting, while on the occasion of his injury he was working unattended, running the press alone, and for which it was supposed he had the necessary capacity. The process, however, of feeding the machine is not so clearly stated as to advise the court of the attendant danger, and no explanation of the precise mode in wMch the accident occurred is given by the witnesses. The court is left to the conjecture that the machine, in the hands of an inexperienced or inattentive person, might cause injuries in the act of feeding it, as it is termed, but why or in what respect, or for what particular reason, does not clearly appear.
The plaintiff it is true called as a witness a person of experience, who testified that it was injudicious to employ a person of the tender years of the plaintiff’s son to attend the machine which he was feeding when he was injured, and that it was his habit, in the management and conduct *650 of his business, not to permit a person under fourteen to perform that work. But the testimony of the plaintiff including several persons in the employment of the decedents and fellow workmen, is to the effect that he could do it with safety ; that he was a bright, intelligent boy and had been sufficiently educated to understand not only how he could successfully discharge the duties he was called upon to perform, but in perfect safety. And the presumption from these facts seems to be that he must have been inattentive or careless, and therefore, subjected himself to the very great misfortune of disabling one of his hands for life.
It is true he says the motion of the machine was irregular; but the evidence on that subject elicited from one of his own witnesses, is to the contrary, namely, that the machine was in good order.
It is true, as suggested by the plaintiff’s counsel, that persons of tender years are not held to such a strict accountability upon the doctrine of contributory negligence as persons of maturity. But the discrimination in that respect relates to the submission of the question to the jury, in this case to the referee, so that what might be considered in older persons evidence of contributory negligence requiring the court to reject the claim made on that ground would, in cases where the injured person was of tender years require the submission of it to the jury and its consideration with ah the facts and circumstances surrounding it. McGovern v. N. Y. C. and H. R. R. R. Co., 67 N. Y., 417; Dowling v. N. Y. C. and H. R. R. R. Co., 90 id., 670; Barry v. N. Y. C. and H. R. R. R. Co., 92 id., 289. And this seems to be all there is of the difference between the application of the rules govering that legal proposition. Here the whole case was considered.
The result of the examination of this appeal in all its aspects therefore, is that the judgment should be affirmed.
Daniels, J., concurs.
Davis, P. J.
As said by my brother Brady, it is not necessary in this case to determine the question whether the cause of action survived. That question is not passed upon by the court now. With that understanding, I concur that the judgment should be affirmed.